Stephen J. Thomas (SBN 120751)
THOMAS BUSINESS LAW GROUP, P.C.
17870 Castleton Street, Suite 113
City of Industry, CA 91748
Tel: (626) 771-1005
Fax: (626) 628-1905
Email: sjt@corporatefirm.com

Attorneys for Plaintiff,
ZHENG "JENNY" YANG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENG "JENNY" YANG, an individual; <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES OF AMERICA (through U.S. Customs and Border Protection; OFFICER WOO; AIR CHINA LIMITED; WORLDWIDE FLIGHT SERVICES, INC.; and DOES 1 through 10, inclusive | Case No.: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  Plaintiff Zheng Yang ("Plaintiff" or "Yang") brings this action to redress egregious violations of her constitutional and statutory rights arising from the unlawful seizure of her personal property by U.S. Customs and Border Protection ("CBP"), and the subsequent misconduct, negligence, and conspiracy

-1-
**COMPLAINT**

between Air China Limited ("Air China") and Worldwide Flight Services, Inc. ("WFS"), which have together deprived her of her property, caused her severe emotional distress, and inflicted economic harm.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1346(b), 1361, and 2201, as this action arises under the Constitution, laws, and treaties of the United States, including the Fourth and Fifth Amendments. and the Federal Tort Claims Act (28 U.S.C.

3.  Venue is proper in the Central District of California under 28 U.S.C. §1391(b) because the acts and omissions complained of occurred at Los Angeles International Airport (LAX).

## PARTIES

4.  Plaintiff Yang is a United States citizen residing in China.

5.  Defendant United States of America is sued under the Federal Tort Claims Act.

6.  Defendant Officer Woo is a CBP officer, sued in both his individual and official capacities.

7.  Defendant Air China Limited is a foreign corporation operating flights to and from LAX.

8.  Defendant Worldwide Flight Services, Inc. ("WFS") is a corporation providing cargo operations at LAX.

9.  DOES 1–10 are unknown agents or employees of the Defendants who participated in the wrongful conduct.

# FACTUAL BACKGROUND

10. On or around February 14, 2025, Yang arrived to Los Angeles International Airport ("LAX") from Beijing, China on Air China Flight 983. At the time, Yang brought eight (8) pieces of luggage, paying for the additional luggage.

11. Upon arrival, all eight pieces (8) of Yang's luggage were seized and confiscated by CBP, specifically by Officer Woo, claiming she had counterfeit items in her luggage. She did not.

12. CBP confiscated her California Driver's License and United States Passport. A total of four (4) CBP officers searched her luggage for about two (2) hours.

13. During the seizure and search of her luggage, an Air China representative at LAX was summoned, but did not interact with Yang.

14. After the two hours search of her luggage, the CBP officer presented a Post-Entry form to Yang, but held on to her luggage, claiming if she signed the Post-Entry form she could retrieve the luggage the next day. Already exhausted and stressed, Yang signed the form without further protest.

15. The Air China representative that was summoned by CBP wrote down a contact number, instructing Yang to call the next day for instructions how to retrieve her luggage.

16. Starting from February 15, 2025 through February 17, 2025, Yang attempted to contact Air China for instructions how to retrieve her luggage. Each time, she was met with a voice mailbox to leave a message.

17. Finally on or around February 17, 2025, Yang discovered two voicemail messages from someone identifying himself as "Ming", an employee of WFS (Worldwide Flight Services) Air China Operations. He left a contact number (310-422-1903) and stated that her luggage was at their warehouse, had been declared to customs, and she needed to hire a broker to submit clearance

documents. Yang had never authorized this company to handle customs clearance, nor was she informed of an Air Waybill associated with her luggage.

18. Later, Ming admitted that WFS had submitted the Air Waybill.

19. On or around February 20, Yang visited the WFS warehouse in an attempt to retrieve her luggage. She was only allowed to visually inspect the luggage from the outside—no touching, no opening. She was told she had to pay the following:

- Inbound cost: $315
- Storage fee: $225 per day

20. Plaintiff Yang was then informed that luggage could only be stored there for 15 days. After that, it would be moved to another warehouse, but they refused to disclose its location. They made it clear that the new warehouse's address would only be provided after ALL storage fees were paid, effectively ransoming her personal property.

21. To date, Yang has not been able to retrieve her luggage.

22. On or about April 25, 2025, Yang sent her demand letter to CBP for damages and return of luggage.

23. On or around November 21, 2025, CBP denied her claim.

## FIRST CAUSE OF ACTION
### Violation of Fourth Amendment (Unlawful Seizure)
### (Against United States, Officer Woo, and Does 1–5)

24. Plaintiff incorporates by reference the allegations of paragraphs 1-21 as though fully set forth herein.

25. On or around February 14, 2025, Yang arrived at LAX from Beijing, China on Air China Flight 983. At the time, Yang brought eight (8) pieces of luggage, paying for the additional luggage.

26. Upon arrival, all eight (8) pieces of Yang's luggage were seized and confiscated by CBP, specifically by Officer Woo, claiming she had counterfeit items in her luggage. She did not.

27. CBP confiscated her California Driver's License and United States Passport. A total of four (4) CBP officers searched her luggage for about two (2) hours.

28. CBP Officer Woo accused Plaintiff of carrying counterfeit items without probable cause, despite her explanations why she had so much extra luggage.

29. Officers confiscated her U.S. passport and California driver's license, searched all her luggage for two hours, and denied her attorney access.

30. After coercion, and duress from being questioned by CBP officers for more than two hours, she signed a Post Entry with no copy or seizure notice provided to her. Plaintiff was also not allowed to leave with her luggage, instead leaving without them and being told that she could recover them later.

31. Defendants did not have Plaintiff Yang's permission to seize her luggage nor did they have her permission to retain her luggage. To date, Plaintiff Yang has not been able to retrieve her luggage.

32. Defendants Against United States, Officer Woo, and Does 1–5 wrongfully deprived Plaintiff of her property, caused her emotional distress, and violated her constitutional and statutory rights.

## SECOND CAUSE OF ACTION

Violation of Fifth Amendment (Denial of Due Process)

(Against United States and Officer Woo)

33. Plaintiff incorporates by reference the allegations of paragraphs 1-30 as though fully set forth herein.

34. On or around February 14, 2025, Yang arrived to LAX from Beijing, China on Air China Flight 983. At the time, Yang brought eight (8) pieces of luggage, paying for the additional luggage.

35. Upon arrival, all eight (8) of Yang's luggage were seized and confiscated by CBP, specifically by Officer Woo, claiming she had counterfeit items in her luggage. She did not.

36. CBP confiscated her California Driver's License and United States Passport. A total of four (4) CBP officers searched her luggage for about two (2) hours.

37. CBP Officer Woo accused Plaintiff of carrying counterfeit items without probable cause, despite her explanations why she had so much extra luggage.

38. Officers confiscated her U.S. passport and California driver's license, searched all her luggage for two hours, and denied her attorney access.

39. After coercion, and duress from being questioned by CBP officers for more than two hours, she signed a Post Entry with no copy or seizure notice provided to her. Plaintiff was also not allowed to leave with her luggage, instead leaving without them and being told that she could recover them later.

40. CBP wrongfully detained the Plaintiff after disembarking from her flight and was detained by CBP officers without her right of due process, causing her emotional distress, and violated her constitutional and statutory rights.

### THIRD CAUSE OF ACTION
### Federal Tort Claims Act (FTCA)
### (Against United States)

41. Plaintiff incorporates by reference the allegations of paragraphs 1-40 as though fully set forth herein.

-6-
**COMPLAINT**

42. On or around February 14, 2025, Yang arrived to LAX from Beijing, China on Air China Flight 983. At the time, Yang brought eight (8) pieces of luggage, paying for the additional luggage.

43. Upon arrival, all eight (8) of Yang's luggage were seized and confiscated by CBP, specifically by Officer Woo, claiming she had counterfeit items in her luggage. She did not.

44. CBP confiscated her California Driver's License and United States Passport. A total of four (4) CBP officers searched her luggage for about two (2) hours.

45. CBP Officer Woo accused Plaintiff of carrying counterfeit items without probable cause, despite her explanations why she had so much extra luggage.

46. Officers confiscated her U.S. passport and California driver's license, searched all her luggage for two hours, and denied her attorney access.

47. After coercion, and duress from being questioned by CBP officers for more than two hours, she signed a Post Entry with no copy or seizure notice provided to her. Plaintiff was also not allowed to leave with her luggage, instead leaving without them and being told that she could recover them later.

48. To date, Yang has not been able to retrieve her luggage.

49. On or about April 25, 2025, Yang sent her demand letter to CBP for damages and the return of luggage.

50. On or around November 21, 2025, CBP denied her claim.

51. At the time of the incident, Officer Woo was an employee of the United States government, specifically with the Customs and Border Control.

52. At the time of the incident, Officer Woo was acting within the course and scope of their office or employment.

-7-
COMPLAINT

53. The United States, through its agents and employees, owed Plaintiff Yang a duty of care to release Plaintiff Yang in a timely and orderly fashion after questioning.

54. The United States breached that duty by detaining Plaintiff Yang for more than two (2) hours to search through her luggage while denying her attorney access. After the search, CBP coerced Yang to sign the Post Entry but was not allowed to leave with her luggage.

55. As a direct and proximate result of the United States' actions, the plaintiff has suffered severe emotional distress and fears flying back to the United States, fearing that she would have another similar experience as February 14.

56. The defendant CBP was a major contributing factor in causing plaintiff her emotional distress when they seized and questioned the contents of her luggage for more than two hours.

## FOURTH CAUSE OF ACTION

Conversion

(Defendants Against Air China and WFS)

57. Plaintiff incorporates by reference the allegations of paragraphs 1-38 as though fully set forth herein.

58. On or around February 14, 2025, Yang arrived at LAX from Beijing, China on Air China Flight 983. At the time, Yang brought eight (8) pieces of luggage, paying for the additional luggage.

59. Upon arrival, all eight (8) of Yang's luggage were seized and confiscated by CBP, specifically by Officer Woo, claiming she had counterfeit items in her luggage. She did not.

60. After coercion, and duress from being questioned by CBP officers for more than two hours, she signed a Post Entry with no copy or seizure notice provided to her. Plaintiff was also not allowed to leave with her luggage, instead leaving without them and being told that she could recover them later.

61. Starting from February 15, 2025 through February 17, 2025, Yang attempted to contact Air China for instructions how to retrieve her luggage. Each time, she was met with a voice mailbox to leave a message.

62. Finally on or around February 17, 2025, Yang discovered two voicemail messages from someone identifying himself as "Ming", an employee of WFS Air China Operations. He left a contact number (310-422-1903) and stated that her luggage was at their warehouse, had been declared to customs, and she needed to hire a broker to submit clearance documents. Yang had never authorized this company to handle customs clearance, nor was she informed of an Air Waybill associated with her luggage.

63. Later, Ming admitted that WFS had submitted the Air Waybill.

64. On or around February 20, Yang visited the WFS warehouse in an attempt to retrieve her luggage. She was only allowed to visually inspect the luggage from the outside—no touching, no opening. She was told she had to pay the following:

- Inbound cost: $315

- Storage fee: $225 per day

65. Plaintiff Yang was then informed that luggage could only be stored there for 15 days. After that, it would be moved to another warehouse, but they refused to disclose its location. They made it clear that the new warehouse's address would only be provided after ALL storage fees were paid, effectively ransoming her personal property.

66. WFS intentionally exercised control over Plaintiff Yang's luggage by refusing to release Yang's luggage.

67. To date, Plaintiff Yang still hasn't been able to retrieve her luggage from WFS and continues to be thwarted by WFS with "reasons" to why she cannot retrieve her luggage.

68. As a proximate cause, Plaintiff Yang has been left without her luggage during her duration of her stay in the United States, many of the items personal necessities such as clothing, shoes, and toiletries.

### FIFTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(Defendants Against All Defendants)

69. Plaintiff incorporates by reference the allegations of paragraphs 1-50 as though fully set forth herein.

70. On or around February 14, 2025, Yang arrived at LAX from Beijing, China on Air China Flight 983. At the time, Yang brought eight (8) pieces of luggage, paying for the additional luggage.

71. Upon arrival, all eight (8) pieces of Yang's luggage were seized and confiscated by CBP, specifically by Officer Woo, claiming she had counterfeit items in her luggage. She did not.

72. After coercion, and duress from being questioned by CBP officers for more than two hours, she signed a Post Entry with no copy or seizure notice provided. Plaintiff was also not allowed to leave with her luggage, instead leaving without them and being told that she could recover them later.

73. Starting from February 15, 2025 through February 17, 2025, Yang attempted to contact Air China for instructions how to retrieve her luggage.

74. Finally on or around February 17, 2025, Yang discovered two voicemail messages from someone identifying himself as "Ming", an employee of WFS Air China Operations. He left a contact number (310-422-1903) and stated that her luggage was at their warehouse, had been declared to customs, and she needed to hire a broker to submit clearance documents. Yang had never authorized this company to handle customs clearance, nor was she informed of an Air Waybill associated with her luggage.

75. Later, Ming admitted that WFS had submitted the Air Waybill.

76. On or around February 20, Yang visited the WFS warehouse in an attempt to retrieve her luggage. She was only allowed to visually inspect the luggage from the outside—no touching, no opening. She was told she had to pay the following:

- Inbound cost: $315

- Storage fee: $225 per day

77. Plaintiff Yang was then informed that luggage could only be stored there for 15 days. After that, it would be moved to another warehouse, but they refused to disclose its location. They made it clear that the new warehouse's address would only be provided after ALL storage fees were paid, effectively ransoming her personal property.

78. To date, plaintiff Yang has yet to retrieve her luggage.

79. The CBP's behavior towards plaintiff Yang after the confiscation of her luggage was extreme and outrageous with the intent to distress Yang.

80. Over two hours later of being interrogated by CBP officers, Yang, under the distress caused by being interrogated by CBP officers for more than two hours, was coerced to sign the Post Entry form just so she can leave.

81. The defendant CBP was a major contributing factor in causing plaintiff her emotional distress when they seized and questioned the contents of her luggage for more than two hours.

82. As a proximate result, the plaintiff has suffered severe emotional distress and fears flying back to the United States, fearing that she would have another similar experience as February 14.

## PRAYER FOR RELIEF

1. Compensatory damages exceeding $250,000.00;

2. Punitive damages against individual and corporate defendants;

-11-
**COMPLAINT**

3. Declaratory relief declaring the seizure unconstitutional;

4. Order compelling immediate return of property;

5. Attorneys' fees and costs under 42 U.S.C. §1988;

6. Any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

THOMAS BUSINESS LAW GROUP, P.C.

_____
Stephen J. Thomas, Attorneys for Plaintiff
ZHENG "JENNY" YANG

Dated: December 31, 2025